UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAMONT ADAMS,

                         Plaintiff,

          v.                                                        9:21-CV-0033
                                                                       (GLS/ML)

ANTHONY J. ANNUCCI et al.,

                        Defendants.
_____

APPEARANCES:

LAMONT ADAMS
10-A-3832
Plaintiff, pro se
Ulster Correctional Facility
P.O. Box 800
Berme Road
Napanoch, NY 12458

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.**    **INTRODUCTION**

      Pro se plaintiff Lamont Adams commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").  By Decision and Order filed February 11, 2021 (the "February Order"), the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, for failure to state a claim upon which relief could be granted.  Dkt. No. 4.  In light of his pro se status, plaintiff was afforded an opportunity to amend.  *Id.*  Plaintiff's amended complaint is now before the Court for

review.[1]  Dkt. No. 6 ("Am. Compl.").

## II. DISCUSSION

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the February Order and it will not be restated in this Decision and Order.  *See* Dkt. No. 4 at 2-3.

In the complaint, plaintiff claimed that he pleaded guilty to third degree attempted criminal possession of a weapon and was sentenced to three years imprisonment, without a term of post-release supervision (PRS).  Compl. at 3; Dkt. No. 1-1 at 1-9, 11-13.  On September 3, 2004, plaintiff was released from custody and placed under the jurisdiction of the Division of Parole to serve a five year term of post-release supervision.  Compl. at 3; Dkt. No. 1-1 at 20.  Plaintiff alleged that defendants Anthony J. Annucci, Brian Fischer, and Terrence X. Tracy violated his Fourteenth Amendment due process rights when they administratively imposed PRS and a special condition of his parole; *i.e.*, his participation in a drug treatment program.  *See generally* Compl.  Plaintiff sought compensatory damages. *See id.* at 18.

In the February Order, upon review of the Complaint, the Court dismissed plaintiff's claims against Annucci and Fischer, without prejudice, for failure to plead personal involvement.  Dkt. No. 4 at 10. Plaintiff's Fourteenth Amendment claims against Tracy were sufficiently pleaded, but untimely.  *See id.* at 10-13.  In light of his pro se status, the Court provided plaintiff an opportunity to be heard on the issue of timeliness prior to dismissal.  *See*

---

[1] Plaintiff also filed an "affidavit regarding timeliness."  Dkt. No. 5.  The Clerk of the Court is directed to annex the affidavit to the amended complaint (Dkt. No. 6).

*id.* at 13.

The amended complaint does not include any claims against Annucci or Fischer and Annucci and Fischer have been omitted from the caption.  *See generally* Am. Compl.  The amended pleading lacks new factual allegations against defendants and the allegations are substantially the same as those in the complaint reviewed in the February Order. *Compare* Compl., *with* Am. Compl.  Additionally, the amended complaint contains the same requests for relief.  *See id.*

As discussed in the February Order, plaintiff's due process claims accrued when plaintiff was "resentenced without any term of post-release supervision[.]"  Dkt. No. 4 at 12; *see Santiago v. Fischer*, No. 09-CV-1383, 2017 WL 9481023, at *3 (E.D.N.Y. June 7, 2017). Accordingly, plaintiff's claims accrued on May 1, 2009; and, absent tolling, the statute of limitations expired on May 1, 2012.  *See id.*, Dkt. No. 1-2 at 23-27.

Plaintiff now alleges that the statute of limitations on his Fourteenth Amendment claims should be tolled because he was part of a class action lawsuit against defendant Tracy and "withdrew with the understanding" that the statute of limitations was "tolled for all members of the putative class until class certification is denied."  Dkt. No. 5.
Plaintiff did not identify the class action with a case number, venue, or caption.  The only relevant information provided is the date that the action was filed, May 11, 2011, and the date that the "district court" certified the class, January 28, 2015. Dkt. No. 5.  Plaintiff asserts that he chose to "opt out" of the class action on December 20, 2020.  *Id*.

Having reviewed defendant's litigation history on the Federal Judiciary's Public Access to Court Electronic Records (PACER) Service, the action plaintiff references is *Betances v.*

3

*Fischer*, No. 1:11-CV-3200 (S.D.N.Y. May 11, 2011).[2] *Betances* was filed on May 11, 2011 and, on January 28, 2015, the district court granted the plaintiffs' motion to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(3) "on behalf of individuals who were convicted of various crimes in New York State courts after September 1, 1998; were sentenced to terms of incarceration but not to terms of PRS; but were nonetheless subjected to enforcement by defendants of PRS terms after the maximum expiration dates of their determinate sentences after June 9, 2006." *Id.*, Dkt. No. 77.

In an order resolving the defendants' motion for summary judgment, the district court addressed, among other issues, the defendants' argument that the plaintiffs' claims were barred by the statute of limitations. *See Betances v. Fischer*, 144 F. Supp. 3d 441 (S.D.N.Y. 2015) (footnotes omitted). The Court noted:

> Under the doctrine established by the Supreme Court in *American Pipe & Construction Co. v. Utah* and its progeny:
>
> > [T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied.
>
> In a series of cases, the Supreme Court held that the filing of a class action tolls the statute of limitations for class members who seek to intervene after the class certification motion is denied, for class members who opt out after the certification motion is granted, and for class members who file individual actions after class certification is denied.

---

[2] *Betances* is one of "several class action lawsuits" related to the administrative imposition of PRS. *See Santiago v. Fischer*, No. 09-CV-1383, 2017 WL 9481023, at *2 (E.D.N.Y. June 7, 2017) (collecting cases).

4

*Betances*, 144 F. Supp. 3d at 450 (S.D.N.Y. 2015) (footnotes omitted).

While tolling continues after class certification is granted, "tolling ends when a plaintiff opts out of the class or a class certification decision of the court definitively excludes that plaintiff." *Choquette v. City of New York*, 839 F. Supp. 2d 692, 699 (S.D.N.Y. 2012) (citing *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974)); *see Santiago v. Fischer*, No. 09-CV-1383, 2017 WL 4349378, at *4 (E.D.N.Y. Sept. 29, 2017) (citing *In re WorldCom*, 496 F.3d 245, 250-55 (2d Cir. 2007)).

Based upon the allegations in the amended complaint, plaintiff was a class member in *Betances* and thus, the statute of limitation on plaintiff's Fourteenth Amendment claims tolled when the *Betances* action was filed in May 2011 and resumed on December 20, 2020, when he "opted out" of the class. *See Santiago*, 2017 WL 4349378, at *4 (citations omitted). In the February Order, the Court noted that Plaintiff delivered the complaint to prison authorities for filing on December 20, 2020. Dkt. No. 4 at 11.

At this preliminary stage, plaintiff has sufficiently alleged facts to suggest that this action was timely filed.[3]  The Court directs Tracy to respond to plaintiff's Fourteenth Amendment claims.  The Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court shall attach plaintiff's affidavit (Dkt. No. 5) to the amended complaint (Dkt. No. 6); and it is further

---

[3] This preliminary finding does not preclude defendant from filing motions related to the issue of timeliness.

**ORDERED** that the amended complaint (Dkt. No. 6) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that plaintiff's Fourteenth Amendment claims against Tracy survive the Court's review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that Annucci and Fischer are **DISMISSED** as defendants herein; and it is further

**ORDERED** that, upon receipt of the documents required for service, the Clerk shall issue a summons and forward it, along with copies of the Amended Complaint, to the United States Marshal for service upon Defendant.  The Clerk shall forward a copy of the summons and Amended Complaint to the Office of the Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the amended complaint be filed by defendant, or counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local

Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

April 8, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge